**Raymond I. PETERSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20142.**

United States Court of Appeals
District of Columbia Circuit.

Submitted Sept. 22, 1966.

Decided Oct. 3, 1966.

Raymond I. Peterson filed a brief pro se and his case was treated as submitted thereon.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Mr. David G. Bress, U. S. Atty., was on the brief, submitted on the brief for appellee.

Before BURGER, McGOWAN and LEVEN-THAL, Circuit Judges.

PER CURIAM:

Appellant in January of 1964 was indicted for five separate crimes in connection with a bank robbery. Court-appointed counsel withdrew after appellant had indicated a lack of confidence in him, and had expressed a desire to retain his own counsel. The first such retained counsel suffered a similar fate, and was replaced. While served by the second retained counsel, appellant pleaded guilty to one count of the indictment (robbery), and the remaining four were dismissed.

After sentence was imposed, appellant wrote a letter to the sentencing court, admitting the robbery but asking a reduction in the term of the sentence. This was denied. Somewhat more than a year later, appellant filed a *pro se* motion for vacating of sentence under 28 U.S.C. § 2255, alleging that his guilty plea had been coerced by his retained counsel. The District Court appointed counsel for appellant and ordered a hearing held. At that hearing, appellant's retained counsel at the time of the plea was the only witness. He testified at length about the circumstances surrounding his recommendation of a plea of guilty. We do not stop to detail that testimony other than to say that it amply supported the District Court's finding that appellant's plea had been voluntarily and understandingly entered.

The District Court's handling of this § 2255 motion is as unexceptionable procedurally as it is unassailable substantively. Its judgment will be

Affirmed.